IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

CHESTER WEBB,

    Plaintiff,

v.                                          CASE NO. 4:12-cv-308-WS-GRJ

WARDEN, et al.,

    Defendants.

_____/

## **REPORT AND RECOMMENDATION**

Plaintiff, a Florida Department of Corrections (DOC) inmate, initiated this case by filing a complaint pursuant to 42 U.S.C. § 1983 (Doc. 1). He has been granted leave to proceed as a pauper. (Doc. 5.) After Plaintiff filed his first amended complaint, (Doc. 9), the undersigned entered a Report and Recommendation recommending dismissal of the case pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted. (Doc. 30.) However, in his objection to the Report and Recommendation, Plaintiff notified the Court that the pleading docketed in this case as his First Amended Complaint (Doc. 6) was actually intended to be a separate lawsuit for his deliberate indifference claims. (Doc. 31.) Accordingly, the undersigned withdrew the Report and Recommendation to permit Plaintiff the opportunity to amend his original complaint to correct the deficiencies noted in the Report and Recommendation. (Doc. 32.) Plaintiff did not file the amended complaint by the Court's September 11, 2013 deadline, so the Court issued an Order to Show Cause on October 15, 2013, requiring Plaintiff to show cause why his case should not be dismissed. (Doc. 33.) Plaintiff's response was due on or before October 29, 2013, and it appears to have

been provided to prison officials for mailing on that date. (Doc. 34.) Plaintiff titled his response "Amended Complaint" and has asked the Court to "reinstate" his original complaint (Doc. 1) as his Second Amended Complaint and proceed accordingly. Upon consideration of Plaintiff's claims in his Second Amended Complaint (Docs. 1, 34), it is recommended that this case be dismissed.

## **Plaintiff's Allegations**

The allegations in Plaintiff's complaint (Doc. 1) stem from a December 22, 2010 incident at Taylor C.I. where another inmate brutally attacked Plaintiff. Plaintiff contends that the inmate was "well-known" as a security threat but was still released into an open bay dormitory. Plaintiff alleges that corrections officers ignored the inmate's requests to be moved to a different housing unit, and shortly thereafter, the other inmate spontaneously attacked Plaintiff. Plaintiff was transported to the hospital via helicopter and states that as a result of the attack, he suffered a stroke, loss of use of his right hand, hearing loss, seizures, scarring, and other lifelong consequences. In his first complaint, Plaintiff alleges that officers "were grossly negligent" by allowing the other inmate in an open bay dormitory and that they failed to protect him from the attack. The crux of Plaintiff's claim is that the other inmate should not have been in the open bay dorm, and that officers should have complied with the inmate's request to be in a different dorm. (Docs. 1, 28.) Plaintiff seeks declaratory relief; $2,500,000 in compensatory damages; $2,500,000 in nominal damages; $2,500,000 in punitive damages; and attorneys fees and costs. (Doc. 1.)

## **Standard of Review**

Pursuant to 28 U.S.C. § 1915(e)(2), "notwithstanding any filing fee, or any

portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim upon which relief may be granted."

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that an act or omission committed by a person acting under color of state law deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Hale v. Tallapoosa County*, 50 F.3d 1579, 1582 (11th Cir.1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of the claims, then the complaint is subject to dismissal. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"); *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1951-53 (2009) (*Twombly* "expounded the pleading standard for all civil actions," and conclusory allegations that "amount to nothing more than a formulaic recitation of the elements of a constitutional . . . claim" are "not entitled to be assumed true," and, to escape dismissal, complaint must allege facts sufficient to move claims "across the line from conceivable to plausible.").

A *pro se* litigant's allegations are entitled to the benefit of liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, a court does not have "license . . . to rewrite an otherwise deficient pleading [by a pro se litigant] in order to sustain an action." *GJR Investments v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir.1998) (*overruled on other grounds* by *Iqbal*).

*Case No: 4:12-cv-308-WS-GRJ*

**Discussion**

Plaintiff alleges that prison officials were "grossly negligent" and failed to protect him from the attack by the other inmate. (Doc. 1.) "A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. 825, 828-29 (1994). Accordingly, prison officials have a duty to protect prisoners from each other. *Id*. at 833; *Zatler v. Wainwright*, 802 F.2d 397, 400 (11th Cir. 1986) (inmates have "a constitutional right to be protected from the constant threat of violence and from physical assault by other inmates"). In order to constitute "deliberate indifference," the prison official must have subjective knowledge of the risk of serious harm, and must nevertheless fail to reasonably respond to the risk. *Farmer*, 511 U.S. at 837-38. A prison official must also have a sufficiently culpable state of mind to be deliberately indifferent. *Carter v. Galloway*, 352 F.3d 1346, 1349 (11th Cir. 2003). Plaintiff must allege an affirmative causal connection between each specific Defendant's conduct and the alleged deprivation of his constitutional rights. *Zatler,* 802 F. 2d at 401.

Plaintiff has alleged no facts showing that any defendants knew Plaintiff faced a risk of harm from the other inmate. While they may have had a general awareness of the other inmate's propensity to be a problematic inmate, Plaintiff has not alleged that the defendants had the requisite subjective knowledge of a risk of serious harm to Plaintiff from the inmate that attacked Plaintiff. As Plaintiff described the encounter, it occurred "suddenly and without provocation." (Doc.1, p. 9.) Plaintiff alleges that prison officials were "grossly negligent" and should have complied with the inmate's requests to be moved. "[M]erely negligent failure to protect an inmate from attack does not

justify liability under section 1983. . ." *Brown v. Hughes,* 894 F. 2d 1533, 1537 (11th Cir. 1990). The brutality of Plaintiff's attack and the severe consequences are extremely unfortunate; however, an inmate's constitutional rights are not violated every time he is injured as a result of another inmate's actions. The Supreme Court has established a subjective knowledge standard, and Plaintiff has failed to allege facts that fulfill that standard.

## Recommendation

The undersigned concludes that the allegations of the complaint fail to state an Eighth Amendment claim upon which relief may be granted. It is respectfully **RECOMMENDED** that this case be **DISMISSED** pursuant to 28 U.S.C § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

**IN CHAMBERS** this 8th day of November 2013.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.