UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

CHESTER WEBB,

    Plaintiff,

v.                                                                          4:12cv308-WS-GRJ

WARDEN, et al.,

    Defendants.

_____

## ORDER DECLINING TO ADOPT THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the court is the magistrate judge's report and recommendation (doc. 35) docketed November 8, 2013. The magistrate judge recommends that the plaintiff's complaint be dismissed for failure to state a claim. Because this court finds that the plaintiff has sufficiently alleged an Eighth Amendment claim, the court declines to adopt the magistrate judge's report and recommendation.

The plaintiff alleges that, while he was incarcerated at Taylor Correctional Institution, he was brutally attacked by an another inmate ("Inmate Crawford") with a razor blade, a bludgeon, and multiple kicks to the head. The attack allegedly caused the plaintiff to suffer permanent injuries, including partial

paralysis on the right side of his body, loss of the use of his right hand, loss of hearing in his right ear, frequent seizures, and scarring and disfigurement. The plaintiff also alleges that, before the attack occurred, prison records revealed that Inmate Crawford was "a threat to the security of the institution and safety of others," that he had "a previous record of attacking other individual inmates," that he was classified as a high risk (HO-4) inmate, and that certain correctional officers were well aware of his violent record when they released him from confinement and assigned him to an open bay dormitory that "ordinarily only hous[ed] inmates designated as HO-3 or below." Finally, the plaintiff alleges that certain correctional officers had a "full view" of the attack but failed to immediately act and intercede on the plaintiff's behalf.

    Prison officials "have a duty to protect prisoners from violence at the hands of other prisoners." Farmer v. Brennan, 511 U.S. 825, 933 (1994) (internal quotation marks and ellipsis omitted). To state a claim for failure to protect, an inmate must allege that (1) prison officials had subjective knowledge of the risk of serious harm; but (2) nevertheless failed to reasonably respond to the risk. Id. at 837. Here, the court cannot conclude that the plaintiff has failed to allege—as to all of the defendants—the requisite elements of an Eighth Amendment failure-to-protect claim, such that his complaint against all defendants should be dismissed

pursuant to 1915 (e)(2)(B)(ii) as recommended by the magistrate judge.

Accordingly, it is ORDERED:

1. The court DECLINES TO ADOPT the specific recommendation made by the magistrate judge.

2. Given the serious allegations in this case, the plaintiff's physical handicaps, the plaintiff's many unsuccessful attempts to obtain the names of the defendants (now identified only by title, shift, and dormitory), and the Eleventh Circuit's decision in Neal v. Cassiday, 511 F. App'x 865, 866 (11th Cir. 2013) (reversing jury verdict in favor of correctional officers where the district court declined to appoint counsel for inmate who was unable to find addresses for almost all of his witnesses due to the prison system's "inter-institution communication–prohibition rules"), it seems prudent to now appoint counsel for this plaintiff.

3. The case shall be returned to the magistrate judge for further proceedings, including appointment of counsel.

DONE AND ORDERED this   7th   day of    January   , 2014.


                                s/ William Stafford
                                WILLIAM STAFFORD
                                SENIOR UNITED STATES DISTRICT JUDGE